JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**Southern Division**

Anayah Wallace, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

Reliant Capital Solutions, LLC and John Does 1-25,

Defendants.

Case No.:

**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

**DEMAND FOR JURY TRIAL**

Plaintiff Anayah Wallace ("Plaintiff"), a California resident, brings this Class Action Complaint by and through her attorneys, The Law Offices of Jonathan A. Stieglitz, against Defendant Reliant Capital Solutions, LLC ("Defendant RCS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**<u>INTRODUCTION / PRELIMINARY STATEMENT</u>**

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "Act" in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws … [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* §1692(e). After determining that the existing consumer protection laws were inadequate, *Id*. §1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §1692k.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

**NATURE OF THE ACTION**

5. Plaintiff brings this class action on behalf of a class of California consumers under 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA"); and

6. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7. Plaintiff is a resident of the State of California, County of Orange, residing at 5762 Lincoln Ave, Unit 1386, Cypress, CA 90630.

8. Defendant RCS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 670 Cross Pointe Road, Gahanna, OH 43230 and can be served process upon its registered agent C T Corporation System at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

9. Upon information and belief, Defendant RCS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.The class consists of:

a. all individuals with addresses in the State of California;

b. to whom Defendant RCS sent an initial collection letter attempting to collect a debt;

c. that included unauthorized collection costs and "other charges," and did not explain the basis for the "other charges";

d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants

and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit "A", violates 15 U.S.C. §§ 1692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit "A" violate 15 U.S.C. §1692e and §1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their

common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to July 7, 2020, an obligation was allegedly incurred to Northern Arizona University.

22. The Northern Arizona University obligation was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a “debt” as that term is defined by 15 U.S.C. § 1692a(5).

23. The alleged Northern Arizona University obligation is a “debt” as defined by 15 U.S.C. 1692a(5).

24. Northern Arizona University is a “creditor” as defined by 15 U.S.C. § 1692a(4).

25. Northern Arizona University contracted with Defendant RCS to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – July 7, 2020 Collection Letter*

27. On or about July 7, 2020, Defendant sent Plaintiff an initial collection letter (the “Letter”) regarding the alleged debt owed to Northern Arizona University. See a true and correct copy of the Letter attached hereto as Exhibit A.

28. The letter states a balance of $3,430.77.

29. The letter breaks down the total balance as follows: Principal of $2,403; Collection Costs $977.77; and “Other Charges” of $50.00.

30. Plaintiff did not agree to such collection costs and the $977.77 collection fee on the debt far exceeds any reasonable costs of collection for this account.

31. Moreover, the "other charges" of $50.00 are unauthorized and not explained in any way.

32. Plaintiff has no way of determining what the "other charges" are and whether they will increase or not.

33. The addition of this collection fee and "other charges" by Defendant, which were not authorized by the agreement creating the debt or permitted by law, were an attempt to collect an amount not owed by Plaintiff.

34. Defendant misled and deceived Plaintiff into the belief that she falsely owed additional fees that were not authorized by the agreement creating the debt nor permitted by law when this charge is a violation of the FDCPA.

35. Plaintiff incurred an informational injury as Defendant provided her with false information as to the amount she actually owed on the alleged debt.

36. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

39. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. Defendant violated § 1692e:

a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

b. By making a false and misleading representation in violation of §1692e(10).

41. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.***

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

44. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

45. Defendant violated this section by

a. unfairly advising Plaintiff that she owed Defendant more money than the amount of her debt; and

b. attempting to collect an amount not expressly authorized by the underlying agreement creating the debt or permitted by law in violation of § 1692f(1).

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anayah Wallace, individually and on behalf of all others similarly situated demands judgment from Defendant RCS as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan A. Stieglitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 11, 2020

Respectfully Submitted,

THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

By: /s/ Jonathan A Stieglitz
Jonathan A Stieglitz